**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Juan Manuel SAAVEDRA–MARTINEZ, Defendant—Appellant.**

No. 04–10000.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2004.

Decided Jan. 18, 2005.

John Robert Lopez, IV, AUS, Emory T. Hurley, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff-Appellee.

James A. Wilson, Esq., Phoenix, AZ, for Defendant–Appellant.

Before: B. FLETCHER, NOONAN, and THOMAS, Circuit Judges.

MEMORANDUM *

Juan Saavedra–Martinez, the Appellant, appeals his conviction by jury trial for illegal reentry after deportation in violation of 8 U.S.C. § 1326(a). Specifically, Saavedra–Martinez challenges whether the district court erred in denying a motion to suppress evidence on the ground that Saavedra–Martinez was "in custody" when a border patrol agent questioned him about his citizenship and possession of immigration documents without first giving a *Miranda* warning. We have jurisdiction to review the district court's decision pursuant to 28 U.S.C. § 1291. We affirm.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Saavedra–Martinez was arrested by a U.S. border patrol agent on April 11, 2003. That night, a remote infrared camera operator saw a person emerge from the brush line along the Colorado River and directed a border patrol agent to the area. A short time later, the agent found Saavedra–Martinez attempting to conceal himself in a ditch, approximately a mile and a half from the Mexico border. At that time, the agent suspected Saavedra–Martinez was an illegal alien because Saavedra–Martinez had emerged from an area commonly used by Mexican citizens to enter the United States illegally.

The agent identified himself as a U.S. Border Patrol Agent to Saavedra–Martinez. The agent did not handcuff Saavedra–Martinez. The agent asked him routine questions about his citizenship and immigration status. The agent did not administer *Miranda* warnings prior to asking these questions. Saavedra–Martinez told the agent that he was a citizen of Mexico and that he did not have any immigration documents. The agent testified that Saavedra–Martinez appeared to answer the questions voluntarily.

The agent was uniformed and armed, but there was no testimony or evidence that the agent's weapon was ever drawn. The agent did not tell Saavedra–Martinez of any possible consequences if Saavedra–Martinez refused to answer the questions. The agent was the only agent present during this questioning. The agent testified that Saavedra–Martinez would not have been free to leave if he refused to answer the agent's questions.

Because Saavedra–Martinez revealed that he was in the United States illegally, the agent took Saavedra–Martinez into custody. At the station, Saavedra–Martinez was advised of his *Miranda* rights, and Saavedra–Martinez invoked his right to remain silent.

The next day, Saavedra–Martinez was charged with illegal reentry after deportation. Prior to trial, Saavedra–Martinez moved to suppress his statements to the border agent and to determine the voluntariness of those statements. After hearing, the district court denied the motion. A jury found Saavedra–Martinez guilty of illegal reentry after deportation. He was sentenced to sixty-four months imprisonment.

The question of whether a person is "in custody" for purposes of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), is a mixed question of law and fact. *U.S. v. Kim*, 292 F.3d 969, 973 (9th Cir.2002). We review this issue *de novo. Id.* We review the factual findings underlying the district court's decision for clear error. *Id.*

Law enforcement officers are required to inform suspects in custody of their constitutional rights before interrogation. *Miranda v. Arizona*, 384 U.S. at 478–79, 86 S.Ct. 1602; *Berkemer v. McCarty*, 468 U.S. 420, 428–29, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). In *U.S. v. Kim*, this court outlined the proper method for determining whether an individual is in custody:

> To determine whether an individual was in custody, a court must, after examining all of the circumstances surrounding the interrogation, decide whether there [was] a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest. The inquiry focuses on the objective circumstances of the interrogation, not the subjective views of the officers or the individual being questioned. That is, we must determine whether the officers established a setting from which a reasonable person would believe that he or she was not free to leave.

292 F.3d at 973–74 (internal citations and quotation marks omitted).

In this case, the border patrol agent conducted a lawful *Terry* stop and inquiry of Saavedra–Martinez. *See Terry v. Ohio*, 392 U.S. 1, 30–31, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *U.S. v. Brignoni–Ponce*, 422 U.S. 873, 881–82, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975); *U.S. v. Galindo–Gallegos*, 244 F.3d 728, 734–36 (9th Cir. 2001) (Paez, J., concurring). A *Terry* stop, also known as an investigatory stop, is a non-custodial interrogation. The Supreme Court recently affirmed the *Terry* stop principle, saying "a law enforcement officer's reasonable suspicion that a person may be involved in criminal activity permits the officer to stop the person for a brief time and take additional steps to investigate further." *Hiibel v. Sixth Judicial Dist. Court*, 542 U.S. 177, ––––, 124 S.Ct. 2451, 2458, 159 L.Ed.2d 292 (2004). Although *Terry* stops restrict a person's freedom, they do not usually constitute custody. *See U.S. v. Bautista*, 684 F.2d 1286, 1291 (9th Cir.1982). In *U.S. v. Brignoni–Ponce*, the Supreme Court explained that "when an officer's observations lead him reasonably to suspect a particular vehicle may contain aliens who are illegally in the country, he may stop the car briefly ... [and] may question the driver and passengers about their citizenship and immigration status." 422 U.S. at 881–82, 95 S.Ct. 2574. Although the instant case does not involve the stopping of a car, the circumstances are analogous. Here, the border patrol agent's observations caused him reasonably to suspect that Saavedra–Martinez was attempting to enter the country illegally. The agent stopped Saavedra–Martinez and questioned him regarding his citizenship and immigration status in order to confirm or dispel the agent's suspicion. The detention of Saavedra–Martinez was reasonable under the circumstances and the officer's questions did not exceed the allowable inquiry during a *Terry* stop. *See Galindo–Gallegos*, 244 F.3d at 735 (Paez, J., concurring).

Saavedra–Martinez makes much of the fact that his detention and questioning took place at night in a remote and isolated area, outside of the public view. But the physical surroundings of a stop are only one of several relevant factors for determining whether a person is in custody. *See Kim*, 292 F.3d at 974. Saavedra–Martinez cites no cases holding a lawful *Terry* stop is custodial, for *Miranda* purposes, simply because it occurred at night and in a remote area. Although the Supreme Court has found that "exposure to public view" is an aspect of ordinary traffic stops that mitigates the danger against which *Miranda* warnings are designed to protect (i.e. the danger that interrogating officers will use unscrupulous interrogation tactics), no law or case requires officers to administer *Miranda* warnings whenever they conduct routine traffic stops in isolated areas or whenever no other member of the public is present to witness the interrogation. *See Berkemer*, 468 U.S. at 438–39, 104 S.Ct. 3138. As the government argues, other cases in which interrogations were deemed non-custodial make clear that a subject is not necessarily in custody solely because he or she is being questioned in private. *See, e.g., Oregon v. Mathiason*, 429 U.S. 492, 495, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977) (concluding that defendant was not in custody where he appeared at police station and was questioned alone and behind closed doors); *Beckwith v. U.S.*, 425 U.S. 341, 347–48, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976) (holding that statements made in response to government questioning of defendant in private home should not be suppressed due to absence of *Miranda* warning); *U.S. v. Hayden*, 260 F.3d 1062, 1066–67 (9th Cir. 2001) (concluding that interrogation was

not custodial even though it took place inside the FBI building).

Saavedra–Martinez's incriminating statements were not obtained in violation of his *Miranda* rights. The border patrol agent conducted a lawful *Terry* stop. The district court properly denied the motion to suppress evidence.

AFFIRMED.